_In re_ CHOATE'S ESTATE.

BONINE _v._ GAGE.

APPEAL AND ERROR—AMENDMENT—FACTS ARISING AFTER DECREE. In a suit in chancery for an accounting in which, on appeal, after a decree for defendant, the circuit judge presented a return showing that an error had been made in the record as to his findings, and on petition of the defendant to present additional facts that affect the merits of the case and that arose after the decree, the record will be remanded for amendment.

Ira B. Gage, executor of the estate of Nelson F. Choate, deceased, presented his final account in the probate court for the county of Cass. It was contested by his successor, Wilbur G. Bonine, administrator _de bonis non._ Both parties appealed from the order entered in probate court. A judgment of the circuit court was entered on appeal, charging the executor with the value of certain stock of

deceased. Both parties took out writs of error: On motion to remand the record for correction. (Docket No. 64.) Granted, November 11, 1910.

*James H. Kinnane*, for the motion.

*M. L. Howell, contra.*

MOORE, J. The original case was submitted at the June term. It involves the accounting of Mr. Gage as executor of the estate of Nelson Choate, deceased. Certain stock belonging to Mr. Choate came into the possession of Mr. Gage, who became a bankrupt and then resigned as executor. Mr. Gage kept this stock with his private papers in the vault of a bank where he was cashier. The bank failed, and Mr. Kimmerle was appointed trustee in bankruptcy, and took possession of the stock, and refused to give it up. It is sought to have Mr. Gage and his bondsmen pay for this stock upon the basis of what it might have been sold for, less its present value. The circuit judge found in favor of the administrator.

Since the case came into this court the circuit judge has sent in an informal return, to the effect that there is a mistake made in the record as to what his findings were. Mr. Gage, executor, has now filed a petition which states, in substance, that he has now been able to secure the stock, and to bring it into court for the administrator *de bonis non*, and asks leave to be allowed to do this, or to have the record remanded, with leave to do it in the lower court.

I think an opportunity should be given to have the return of the judge corrected, and to have the record show the present status of the stock, so that a complete disposition of the controversy can be made.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.